IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MITCHELL C. BROWN,** | 3:17-CV-00143-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,** | |
| Defendant. | |

**MERRILL SCHNEIDER**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

　　　　Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1011

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**MARTHA A. BODEN**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/A 221A
Seattle, WA 98104
(206) 615-3710

　　　　Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Mitchell C. Brown seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff filed applications for DIB and SSI on January 9, 2013, alleging a disability onset date of December 31, 2011. Tr. 69, 85, 199, 206.[1] The applications were denied initially and on reconsideration. Tr. 69-132. An Administrative Law Judge (ALJ) held a hearing on April 29, 2016. Tr. 34-68. Plaintiff was represented at the hearing. Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on August 4, 2016, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 14-28. Pursuant to 20 C.F.R. § 404.984(d),

---

[1] Citations to the official transcript of record filed by the Commissioner on June 13, 2017, are referred to as "Tr."

that decision became the final decision of the Commissioner on December 5, 2016, when the Appeals Council denied Plaintiff's request for review. Tr. 1-4. *See also Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on December 31, 1960, and was 55 years old at the time of the hearing. Tr. 199. Plaintiff completed high school and two years of college. Tr. 245. Plaintiff has past relevant work experience as a sales representative and an "outside sales representative." Tr. 27.

Plaintiff alleges disability due to chronic fatigue syndrome (CFS), depression, shoulder injury, ankle injury, attention-deficit hyperactive disorder (ADHD), and neuropathy of the right foot. Tr. 244.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 21-22, 24-27.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his

3 - OPINION AND ORDER

inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it

supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. §§ 404.1520, 416.920 (2016). Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509,

404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform

6 - OPINION AND ORDER

work he has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff had not engaged in substantial gainful activity since December 31, 2011, the alleged onset date. Tr. 19.

At Step Two the ALJ found Plaintiff had the severe impairments of left-shoulder rotator cuff tear status post repair, status post right-ankle fracture, and neuropathy of the right foot. Tr. 19. The ALJ found Plaintiff's hemorrhoids, status post-surgical repair; status post rectal fistula; acid

reflux; depressive disorder; ADHD; and CFS were nonsevere. Tr. 20-21.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments during the relevant period did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 23. The ALJ then found Plaintiff had the RFC to perform light work with the following limitations: Plaintiff can occasionally climb, kneel, crouch, and crawl; frequently balance and stoop; and occasionally operate foot controls with his right leg. Tr. 23.

At Step Four the ALJ found Plaintiff can perform his past relevant work. Tr. 27. Accordingly, the ALJ ended the sequential analysis at Step Four and found Plaintiff is not disabled. Tr. 28.

## DISCUSSION

Plaintiff contends the ALJ erred by (1) improperly rejecting the opinion of examining physician Kim Webster, M.D., and (2) failing to find CFS a severe impairment at Step Two.

**I. The ALJ did not err when he rejected Dr. Webster's opinion as to Plaintiff's functional limitations.**

Plaintiff alleges the ALJ erred by failing to provide specific and legitimate reasons for giving little weight to Plaintiff's standing and lifting limitations as assessed by Dr. Webster.

8 - OPINION AND ORDER

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Taylor*, 659 F.3d at 1232. When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 821, 830-31 (9th Cir. 2010)(quoting *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

A nonexamining physician is one who neither examines nor treats the claimant. *Lester*, 81 F.3d at 830. *See also Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Taylor*, 659 F.3d at 1233 (quoting *Lester*, 81 F.3d at 831). When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so with specific and legitimate reasons supported by substantial evidence. *See, e.g., Ryan*, 528 F.3d at 1198.

Here Dr. Webster conducted a "Comprehensive Musculoskeletal Evaluation" of Plaintiff on July 1, 2013. Tr. 400-06. In her

report Dr. Webster assessed Plaintiff's functional limitations. Tr. 405. Specifically, Dr. Webster opined: "Because of the prior surgery on the distal tibia fibula that looked like it abutted the ankle joint space on an x-ray [Plaintiff] brought in, I would limit standing and walking to 2 hours." Tr. 405. Dr. Webster also stated: "Because of the history relating to the surgery in the right ankle, as well as the prior surgery in the left shoulder, I would limit lifting and carrying to 10 pounds occasionally and 10 pounds frequently." Tr. 405.

As a preliminary matter Plaintiff asserts that none of the reasons provided by the ALJ for disregarding Dr. Webster's opinion were specific and legitimate because "the ALJ failed to cite any specific records or point to any inconsistent medical evidence." Pl.'s Opening Br. at 3. The ALJ, however, explicitly cited to the medical evidence when he discussed Plaintiff's medical record. Tr. 21, 24-26. The ALJ then provided several reasons for giving "little weight" to Dr. Webster's assessed limitations. Tr. 26.

The ALJ first found Dr. Webster's standing limitation was inconsistent with the fact that Plaintiff "could participate in strenuous physical activity, such as bicycling 70 miles or more weekly." Tr. 26, 256, 423. Inconsistency between a physician's opinion and a claimant's daily activities may constitute a specific and legitimate reason to discount the physician's

10 - OPINION AND ORDER

opinion.  *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).
Plaintiff argues the ALJ improperly ignored Plaintiff's testimony
that riding his bike is therapeutic and helps reduce his ankle
pain.  Plaintiff also asserts "the ALJ did not have enough
information . . . to make findings in regards to his ability to
work" because "there is no indication of how fast he bikes, or
how rough of a path he takes."  Pl.'s Opening Br. at 5.  The
Court, however, notes riding a mountain bike 70 miles or more per
week, often up to 20 to 30 miles at a time, is physically
demanding at any level of exertion and on any type of terrain.
Tr. 423.  As the ALJ observed, such extensive physical activity
is inconsistent with the standing limitation assessed by Dr.
Webster.  Tr. 26.  Plaintiff asserts "the ALJ could not reject
standing and walking limitations simply because a claimant
attended a gym on a daily basis."  Pl.'s Reply Br. at 2.  This
strained analogy, however, is unpersuasive.  The mere fact that
an individual goes to a gym every day shows nothing more than the
individual visited a building whereas riding a bicycle clearly
requires extensive use of one's lower extremities and, to some
extent, one's upper extremities.  Thus, the Court concludes the
ALJ did not err when he discounted Dr. Webster's assessment of
Plaintiff's standing limitations on the basis of Plaintiff's
considerable bike riding.

    The ALJ then discounted Dr. Webster's two-hour standing

restriction on the ground that Plaintiff's "prior ankle surgery was successful, [and he] was not required to manage his ankle pain with medications." Tr. 26. An ALJ may discredit a physician's opinion if it is "unsupported by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Here the ALJ noted three months after Plaintiff underwent surgery for a right-ankle fracture in April 2012, Plaintiff's sensation was intact and x-ray imaging showed the "hardware" was in excellent position and his fracture was healing. Tr. 24, 387. In addition, the ALJ pointed out several facts in the record that indicated Plaintiff's surgery was successful; for example, Plaintiff did not attend his six-month post-operation appointment, never sought further treatment for his ankle, and did not require medication for ankle pain. Tr. 24, 26, 387. Because the ALJ cited to substantial evidence in the record to support his finding, the Court concludes the ALJ did not err when he determined Dr. Webster's standing limitation was unsupported by the record as a whole.

The weight the ALJ gave to Dr. Webster's opinion is also supported by his additional findings. For example, the ALJ found Dr. Webster's 10-pound lifting restriction inconsistent with the fact that Plaintiff "himself admitted that he could lift 20 pounds." Tr. 26. Inconsistency between a medical opinion and a claimant's own admissions is a specific and legitimate reason for

discounting that medical opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). The ALJ also found Plaintiff's demonstration of full strength in his upper and lower extremities at Dr. Webster's examination was inconsistent with Dr. Webster's assessment of Plaintiff. Tr. 26, 405. This inconsistency was also a proper basis for the ALJ to give little weight to Dr. Webster's standing and lifting limitations. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(Discrepancy between a physician's opinion and that physician's own notes "is a clear and convincing reason for not relying on the doctor's opinion."). *See also Ghanim*, 763 F.3d at 1161.

    The Court, however, notes the ALJ's analysis was not flawless. The ALJ found Dr. Webster's opinion was inconsistent with her own notes because "Dr. Webster herself observed [Plaintiff] changing positions without difficulty and moving around easily." Tr. 26. Plaintiff, nevertheless, asserts "the ability to change positions and move around during a short consultative examination is consistent with a limitation to standing and walking 2 hours." Pl.'s Opening Br. at 4. The Court agrees. Plaintiff's ability to stand and to move with relative ease during a brief examination sheds little light on whether he can sustain that activity for an extended length of time. Thus, the Court concludes this finding by the ALJ was erroneous.

13 - OPINION AND ORDER

Nevertheless, Plaintiff, in effect, requests the Court to interpret the evidence in Plaintiff's favor.  As noted, however, the ALJ's interpretation of the evidence is generally rational and based on substantial evidence in the record.  *Batson*, 359 F.3d at 1193 ("[I]f evidence exists to support more than one rational interpretation, [the Court] must defer to the Commissioner's decision.")(citations omitted).  Thus, although one of the ALJ's reasons for rejecting Dr. Webster's opinion may not satisfy the "specific and legitimate" standard, the ALJ provided other reasons supported by substantial evidence in the record for discounting Dr. Webster's opinion.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)(An error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination.").

On this record the Court concludes the ALJ did not err when he gave limited weight to Dr. Webster's opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**II. The ALJ properly found Plaintiff's Chronic Fatigue Syndrome (CFS) is not severe at Step Two.**

Plaintiff alleges the ALJ erred at Step Two by finding that Plaintiff's CFS is nonsevere.

A claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments at Step Two.  *Stout*, 454 F.3d at 1052.

14 - OPINION AND ORDER

*See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a), 416.921(a). *See also Ukolov*, 420 F.3d at 1003. The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *Id.*

The Step Two threshold is low:

> [A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work . . . . [T]he severity regulation is to do no more than allow the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working.

SSR 85-28, at *2 (internal quotations omitted). The "step-two inquiry is 'a *de minimis* screening device to dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)).

15 - OPINION AND ORDER

The Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as severe at Step Two does not prejudice a claimant. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)(any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's favor).

Here the ALJ gave two reasons for finding Plaintiff's CFS is nonsevere. Tr. 21. Plaintiff, however, challenges only one: the ALJ's finding that Plaintiff's bike riding demonstrates "he is much more active than alleged despite any such fatigue." Tr. 21. Plaintiff contends bike riding is therapeutic and his symptoms of fatigue return only half-an-hour after riding, which "indicates that he suffers from severe chronic fatigue, not the contrary." Pl.'s Opening Br. at 8. The ALJ's finding, however, is "supported by inferences reasonably drawn from the record." *Tommasetti*, 533 F.3d at 1038 (citation omitted). Indeed, such extensive activity belies Plaintiff's assertion that he sleeps 16 to 18 hours a day and becomes exhausted just by taking a shower or sending a text message. Tr. 21, 402, 412. Thus, the Court concludes the ALJ properly determined Plaintiff's ability to bicycle extensively demonstrates his fatigue is nonsevere. *See Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005)("An impairment is not severe if it . . . has no more than a minimal

effect on the ability to do basic work activities.")(quotation marks and citation omitted).

The ALJ also found Plaintiff "had some periods of substantial gainful activity, despite his reported long-term fatigue." Tr. 21. As noted, for an ALJ to find an impairment is severe at Step Two, that impairment must substantially interfere with the individual's ability to work. SSR 85-28, at *2. Accordingly, Plaintiff's demonstrated ability to work throughout most of the period that he allegedly suffered from CFS was another reasonable basis for the ALJ to find at Step Two that Plaintiff's CFS is not severe. Tr. 21, 221.

On this record the Court concludes the ALJ did not err when he found at Step Two that Plaintiff's CFS is not severe because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 20th day of February, 2018.

_____
ANNA J. BROWN
United States Senior District Judge